IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DUANE ANGELO BURCHILL, | CV 17-37-BU-BMM-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION |
| CLERK OF DISTRICT COURT, MADISON COUNTY, | |
| Defendant. | |

## I.    Introduction

Presently before the Court is Plaintiff Duane Angelo Burchill's motion requesting leave to prosecute this action in forma pauperis under 28 U.S.C. § 1915(a).  Because Burchill has made the requisite showing, his motion for leave to proceed in forma pauperis is properly granted.  IT IS SO ORDERED.

At this juncture, the Court is obligated to examine Burchill's complaint to determine whether the Court should exercise jurisdiction over the subject matter of Burchill's claim.

## II.    Background

Burchill, appearing pro se, brings this action under 42 U.S.C. § 1983 seeking monetary compensation from the Defendant Karen J. Miller, Clerk of the

Montana Fifth Judicial District Court, Madison County.[1]  Burchill alleges, in essence, that Miller deprived him of his constitutional right to conduct his own defense in criminal proceedings against him.  Specifically, Burchill states that Clerk Miller (or presumably her deputy) refused to file certain motions in the criminal proceedings presented by Burchill pro se.  Burchill acknowledges Clerk Miller advised him that he had a court-appointed attorney assigned to represent him, and could not file motions on his own behalf unless he signed a waiver of counsel – which he apparently did not do.  At bottom, Burchill contends Clerk Miller violated his right to self representation by not unconditionally allowing him to file his motions pro se.

## III.   Analysis

The *Younger* abstention doctrine – named after the case of *Younger v. Harris*, 401 U.S. 37 (1971) – generally prohibits federal courts from granting relief in a federal suit that would interfere with pending state criminal proceedings. *Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).  Because Burchill's suit would directly interfere with the ongoing state criminal proceeding, this Court must decline to

---

[1]The Court takes judicial notice of the fact that Ms. Miller was the Clerk of Court at the time relevant to Burchill's complaint.

2

exercise jurisdiction.[2]

The Fifth Amendment to the United States Constitution guarantees a criminal defendant the "right to a fair and reliable trial." *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004). The Sixth Amendment, in turn, "guarantees a defendant a right to counsel but also allows him to waive this right and to represent himself *without* counsel." *Id*. (emphasis in original) (citing *Faretta v. California*, 422 U.S. 806, 820 (1975)). To alleviate the tension that exists between the paramount objective of a fair trial and a defendant's right to conduct his own defense, a trial court is cast in the primary role of insuring that a so-called *Faretta* waiver is knowing and intelligent. *Erskine*, 355 F.3d at 1167.

The fact the state district court has implemented a policy that precludes a defendant represented by court-appointed counsel from filing motions pro se does not constitute a per se violation of the right to self-representation as contended by Burchill. Rather, a fair assessment of the policy leads to the conclusion that it is designed to insure the presiding trial judge undertakes to satisfy the "fundamental obligation" imposed upon him by *Faretta*. *See United States v. Hernandez*, 203 F.3d 614, 625 n.16 (9th Cir. 2000), overruled on other grounds by *Indiana v.*

---

[2]The Court takes judicial notice of the criminal proceeding against Burchill – *State of Montana v. Duane Angelo Burchill*, Cause No. DC-29-2017-0000011, Montana Fifth Judicial District Court, Madison County. Review of the record in that case reflects the case remains pending.

*Edwards*, 554 U.S. 164 (2008).

It is important to note the record in Burchill's state criminal case reflects the trial court ultimately granted Burchill's request to conduct his own defense.

## IV.    Conclusion

For the reasons discussed, IT IS RECOMMENDED that this action be dismissed in accordance with the directive of *Younger v. Harris*.

IT IS FURTHER RECOMMENDED

1.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the Court should abstain from exercising jurisdiction over the subject matter of Burchill's Complaint.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS,
AND CONSEQUENCES OF FAILURE TO OBJECT**

Burchill may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] Failure to timely file written

---

[3]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is

4

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of August, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

---

made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Burchill is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire. 28 U.S.C. § 636.