# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DUANE ANGELO BURCHILL,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>CLERK OF DISTRICT COURT, MADISON COUNTY,<br><br>　　　　　　　Defendant. | **CV-17-37-BU-BMM-JCL**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

　　　　Plaintiff Duane Angelo Burchill, an inmate proceeding in forma pauperis and without counsel, filed a Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983, alleging that Defendant Karen J. Miller, Clerk of the Montana Fifth Judicial District Court, Madison County, deprived him of his constitutional right to conduct his own defense in criminal proceedings against him. (Doc. 2 at 3-4.) United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter. (Doc. 5.) Judge Lynch recommended that the Court dismiss Plaintiff's complaint in accordance with the *Younger* abstention doctrine. (Doc. 5 at 2, 4.)

　　　　No party has filed objections. The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court

1

finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

## I. BACKGROUND

Plaintiff Burchill is a defendant in a pending criminal case in the Montana Fifth Judicial District Court, Madison County. (Docs. 2 at 2; 5 at 3 fn. 2.) Counsel was appointed to assist in his defense. (Doc. 2 at 3.) Burchill attempted to file several motions pro se. (Doc. 2 at 3.) Defendant Miller informed Burchill that the court could not accept any pro se filings unless Burchill filed a waiver of counsel. (Doc. 2 at 3.) Burchill apparently did not file such waiver at the time, however the trial court ultimately granted Burchill's request to continue pro se. (Doc. 5 at 2, 4.)

Burchill contends that Defendant Miller's actions constitute a violation of his constitutional right to self representation. (Doc. 2 at 4.)

## II. DISCUSSION

Burchill's claims concern and challenge pending state court criminal proceedings. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Id*. at 40-41. A federal court must abstain under *Younger* if the following four requirements are met: (1) a state initiated proceeding is ongoing; (2) the state judicial proceeding

2

implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

All elements of *Younger* abstention are established in this case. First, there exists an ongoing criminal action against Burchill in state court. Second, the criminal proceeding implicates important state interests. The State of Montana has a significant state interest in prosecuting conduct that constitutes a criminal offense under Montana law. Third, Burchill will have an adequate opportunity to litigate federal constitutional issues in the state court proceeding. Fourth, any decision by this Court as to whether Burchill's sixth amendment rights were violated by Clerk Miller, especially given that Burchill is now proceeding pro se, would unduly interfere with the state criminal proceeding. This Court must therefore abstain from adjudicating Burchill's claims for injunctive relief.

### III. ORDER

Accordingly, **IT IS ORDERED**:

1. Judge Lynch's Findings and Recommendations (Doc. 5) is **ADOPTED IN FULL**.

2. Defendant's complaint (Doc. 2) is **DISMISSED**.

3

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the Court should abstain from exercising jurisdiction over the subject matter of Burchill's complaint.

DATED this 20th day of September, 2017.

Brian Morris
United States District Court Judge